UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

TOWN OF ISLIP,

                              Plaintiff                    Index No. 2:16-CV-02156 (MKB)(LB)

            -against-

THOMAS DATRE JR., THOMAS DATRE SR., CLARA DATRE, CHRISTOPHER GRABE, IGLESIA DE JESUCRISTO PALABRA MIEL, MARCO LOPEZ, NANCY ALVAREZ, WILLIAM CARILLO, RAUL PACHECHO, WALTER CASASOLA, 5 BROTHERS FARMING CORP., DFF FARM CORP., DATRE TRUCKING & FARMING INC., DATRE AUTO & EQUIPMENT SALES INC., DAYTREE AT CORTLAND SQUARE INC., DAYTREE CUSTOM BUILDERS INC., DATRE FAMILY FARMS INC., ISLANDIA RECYCLING INC., C.J. SITE DEVELOPMENT INC., IEV TRUCKING CORP., COD SERVICES CORP. JOSEPH MONTUORI, 96 WYTHE ACQUISITION LLC, LOUISIANA PURCHASE LLC, 61 PARK PLACE LLC, MD KOHN REALTY II LLC, 4111 18TH AVENUE LLC, COOPER AND 6TH PROPERTY LLC, THE CLASSON IN CLINTON LLC, CHEN 867 REALTY LLC, STAHAV REALTY CORP., BRONXCARE HEALTH SYSTEM, CENTRAL BUSHWICK LLC, JOHN KHANI, SUSAN KHANI, and John Does No. 1 through John Doe No. 10,

                              Defendants.

------------------------------------------------------------------------X

## [PROPOSED] ORDER APPROVING SETTLEMENT AGREEMENT EXECUTED BY PLAINTIFF TOWN OF ISLIP AND DEFENDANT LOUISIANA PURCHASE  LLC

       This matter having come before the Court on the Joint Motion for Approval of Settlement Agreement executed by Plaintiff Town of Islip ("Plaintiff"), and Defendant Louisiana Purchase LLC ("Defendant"), and any response thereto, it is hereby ordered as follows:

1. The Joint Letter Motion for Approval of Settlement Agreement ("Motion") is granted.

2. The Settlement Agreement between Plaintiff and Defendant ("Settlement Agreement"), attached to the Motion as Exhibit A, is approved, and the terms and conditions of the Settlement Agreement are hereby incorporated by reference into this Order as if fully restated herein.

3. Except for the exceptions stated in the Settlement Agreement, all claims asserted, to be asserted, or which could be asserted against Defendant by persons who are defendants in this case (whether by cross-claim or otherwise) or by any other person or entity, in connection with the alleged presence, generation, transportation, storage, treatment, disposal, abandonment, release, threatened release, removal, or remediation of alleged commercial and demolition debris and unacceptable fill or any other hazardous substances at the Roberto Clemente Park located at 400 Broadway Avenue, Brentwood, NY 11717, under Sections 107 or 113 of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C. § 9607 and § 9613, and/or any other federal, state or local statute, regulation, rule, ordinance, law, contract, common law, or any other legal theory are hereby discharged, barred, permanently enjoined, dismissed with prejudice, satisfied, and are otherwise unenforceable in this case or in any other proceeding.

4. The payment by Defendant to Plaintiff shall be credited to non-settling defendants *pro rata* under the Uniform Comparative Fault Act, and shall be deemed to have fully satisfied the Defendant's equitable share during any equitable allocation of response costs among liable parties by the Court in this matter pursuant to 42 U.S.C. § 9613(f)(1), except that if Defendant's equitable

share is adjudged at less than the settlement amount, it shall be credited to non-settling defendants *pro tanto*.

     5.     Defendant is dismissed from this lawsuit.

     6.     Pursuant to the authority contained in *Kokkonen* v. *Guardian Life Ins. Co. of America,* 511 U.S. 375 (1994), this Court hereby retains jurisdiction and shall retain jurisdiction after entry of final judgment in this case to enforce the terms and conditions of the Settlement Agreement.

IT IS SO ORDERED

Dated: _____     _____

                                                        UNITED STATES DISTRICT JUDGE