# SETTLEMENT AGREEMENT

This **SETTLEMENT AGREEMENT** ("Agreement") is entered into by the Town of Islip, a municipal corporation duly organized under the laws of the State of New York (the "Town of Islip") and BronxCare Health System, a New York not-for-profit corporation with offices at 1276 Fulton Avenue, Bronx, NY 10456 ("Settlor"), effective this ___ day of _____, 2019 ("Effective Date"). The Town of Islip and Settlor are each referred to herein as a "Party" and are collectively referred to herein as the "Parties."

## RECITALS

**WHEREAS,** the Town of Islip owns the subject parklands known as Roberto Clemente Park, located at 400 Broadway Avenue, Brentwood, NY 11717 (the "Park");

**WHEREAS,** Settlor is the owner of real property located at 199 Mt. Eden Parkway, Bronx, NY, Tax Block 2824, Tax Lot 19 (the "Property");

**WHEREAS,** the Town of Islip alleges that, between May 2013 and May 2014, numerous individuals and entities engaged in a course of conduct resulting in the disposal of approximately 38,000 tons of construction and demolition debris, contaminated fill and other solid wastes at the Park;

**WHEREAS,** the Town of Islip alleges that soil tests of samples taken from the Park, conducted at the direction of the Suffolk County District Attorney, revealed the presence of hazardous substances, including, but not limited to, asbestos, pesticides and heavy metals, in amounts in excess of allowable concentrations in soil under New York law;

**WHEREAS,** the Town of Islip alleges that it undertook a removal action under the supervision of the New York State Department of Environmental Conservation ("NYSDEC"), pursuant to the provisions of 40 C.F.R. § 300.415;

**WHEREAS,** the Town of Islip alleges that 38,932.44 tons of commercial and demolition debris and unacceptable fill were removed from the Park, and further alleges that as a result of these removal activities, the Town of Islip has incurred response costs in excess of $4,000,000.00.

**WHEREAS,** the Town of Islip filed an action in 2016 in the United States District Court for the Eastern District of New York entitled *Town of Islip v. Datre, et al.*, Index No.: 16-cv-2156 against a number of defendants and others only identified as "John Does," and thereafter named Settlor as one of many defendants in its Second Amended Complaint, filed on May 24, 2019 (the "Lawsuit");

**WHEREAS**, in the Lawsuit, the Town of Islip alleges that Settlor is a potentially responsible party under the Comprehensive Environmental Response, Compensation and Liability Act, as amended by the Superfund Amendments and Reauthorization Act, 42 U.S.C. §§ 9601, *et seq.* ("CERCLA"), and under common law causes of action, in connection with the alleged presence, generation, transportation, storage, treatment, disposal, abandonment, release, threatened release, removal, and remediation of hazardous substances (as that term is defined in CERCLA Section 101(14), 42 U.S.C. § 9601(14)), from the alleged dumping of commercial and

CONFIDENTIAL / PURSUANT TO FED. R. EVID. 408

demolition debris and unacceptable fill at the Park. Specifically, the Lawsuit alleges claims against Settlor under Sections 107 or 113 of CERCLA, negligence, public nuisance, private nuisance, injury to property, joint tortfeasor liability, and restitution;

**WHEREAS**, Settlor denies the allegations of the Second Amended Complaint and further specifically denies that it is responsible for the alleged presence, generation, transportation, storage, treatment, disposal, abandonment, release, threatened release, removal, and remediation of hazardous substances at the Park. Settlor denies any liability for any of the costs and expenses allegedly incurred by the Town of Islip or any other damages it has allegedly suffered or will suffer in the future;

**WHEREAS**, without Settlor admitting the truthfulness or validity of any allegations against it, the Parties wish to avoid the cost and uncertainty associated with further litigation, and desire to resolve any and all claims involving Settlor's alleged liability relating to the Park that have been asserted or could be asserted either now or in the future, whether known or unknown, including, without limitation, claims under CERCLA, any comparable state law, common law, or any other legal theory in connection with the alleged presence, generation, transportation, storage, treatment, disposal, abandonment, release, threatened release, removal, or remediation of alleged commercial and demolition debris and unacceptable fill or any other hazardous substances at the Park (collectively, without limitation, the "Matters Addressed").

**NOW, THEREFORE**, in consideration of the mutual covenants and agreements contained herein and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the Parties, the Parties agree as follows:

1. **INCORPORATION OF RECITALS**

    The recitals above are incorporated into the body of this Agreement as if fully set forth herein.

2. **DEFINITION OF CLAIM**

    "Claim" shall mean any civil lawsuit or administrative case, and any causes of action asserted or relief requested therein, and shall include any claims (including, without limitation, claims for contribution, cost recovery and indemnification), demands, losses, causes of action, obligations, direct or consequential damages, liens, costs, expenses, fees, and liabilities of whatever nature, at law, equity or otherwise, whether accrued or unaccrued, known or unknown, suspected or unsuspected, whether based on statute, contract, common law or any existing or subsequently enacted or revised law, regulation or order.

3. **MUTUAL RELEASE OF CLAIMS**

    Subject to Section 4 and other limitations set forth in this Agreement, each Party, on its own behalf and on behalf of such Party's predecessors, successors, affiliates and assigns, covenants not to sue and releases and discharges the other Party and such Party's former, current and future assigns, agents, officers, directors, employees, representatives, predecessors, successors, parent companies, subsidiaries, divisions, operating units, and affiliates from any and all Claims which have arisen, hereafter arise, or may arise in the future, directly or indirectly out

-2-

CONFIDENTIAL / PURSUANT TO FED. R. EVID. 408

of or relating to the causes of action and matters alleged or which could have been alleged in the Lawsuit, including all CERCLA claims, and/or to the dumping of construction and demolition debris or fill material at the Park, including but not limited to any Claims that could be asserted in the case *Seggos v. Datre*, 2:17-CV-2684 (E.D.N.Y.).

## 4. NON-RELEASED CLAIMS

Notwithstanding anything to the contrary contained herein, the releases and covenants not to sue in Section 3 shall not extend and shall not be construed to extend to the following (collectively, "Non-Released Claims") any Claims arising from or related to an alleged breach of this Agreement; and any Claim which any Party may have against such Party's own insurance carrier(s); and

any Claims not arising from or related to the presence, generation, transportation, storage, treatment, disposal, abandonment, release, threatened release, removal, or remediation of construction and demolition debris or unacceptable fill at the Park, or migrating from the Park.

## 5. CONSIDERATION

a.  In consideration of the agreements herein, Settlor agrees to pay to the Town of Islip a settlement amount of fifteen thousand dollars ($15,000.00) ("Settlement Amount") within fourteen (14) days of the Effective Date. Payment of the Settlement Amount shall be made into an escrow account maintained by Settlor's counsel. The Settlement Amount will be dispersed from the escrow account within fourteen (14) days of the Dismissal Date.

b.  Settlor agrees to provide disclosure, to the extent available to Settlor, of the following information regarding the construction or excavation project undertaken on the Property, as alleged in the Lawsuit: (i) documents establishing the nature and total cost of project construction; (ii) invoices or other documents reflecting costs paid by Settlor for collection and disposal of waste or fill generated at Settlor's project during the period between May 2013 and April 2014; and (iii) copies of contracts or correspondence between Settlor and any person, including building or excavation contractors, waste brokers, waste collectors or transporters with respect to collection and disposal of waste or fill generated at Settlor's project during the period between May 2013 and April 2014. The Parties agree, at Settlor's option to enter into a confidentiality agreement with respect to any information provided under this provision, which would preclude disclosure or use of such information other than for the Town's prosecution of the Lawsuit.

c.  Reserved

d.  The payment terms under this Agreement represent a fair and reasonable contribution by Settlor toward the Town of Islip's alleged response costs and damages. The Parties agree that this Agreement has been negotiated in good faith, that settlement of this matter will avoid prolonged and complicated litigation, and that this Agreement is fair, reasonable, and in the public interest.

5412326v.1

**CONFIDENTIAL / PURSUANT TO FED. R. EVID. 408**

## 6. PRESERVATION OF NON-SETTLING DEFENDANTS' RIGHTS OF SET-OFF

The Parties agree that with respect to defendants who have not settled with the Town of Islip in this action, and to the extent the Town of Islip asserts any Claims against additional parties relating to the subject matter of the Lawsuit, resulting in derivative Claims (e.g., for contribution or indemnity) asserted against Settlor by such parties, including but not limited to parties which the Town of Islip may identify through the information to be provided pursuant to Paragraph 5(b), the Town will afford such additional parties and existing non-settling parties all right to set-off against any judgment obtained against such parties pursuant to New York General Obligations Law §15-108, and Settlor shall be available, after dismissal of all claims and cross-claims made against Settlor in this action, for discovery in the same manner and to the same extent as any non-party to this action.

## 7. JUDICIAL APPROVAL

The Parties hereby agree to move the Court jointly for approval of this Agreement as soon as is possible following the Effective Date. This Agreement is contingent upon entry of an order that grants the Parties' joint motion for judicial approval of the Agreement and an order of dismissal that specifically provides that (a) this Agreement constitutes a settlement for the purposes of CERCLA § 42 U.S.C. 9613(f)(2); (b) the Court discharge and bar all past, present, and future counterclaims, cross-claims, and other claims, including all CERCLA claims, relating to the Park that have or may be interposed against Settlor, as contemplated by this Agreement, to the full extent of protection from contribution actions or claims as provided by 42 U.S.C. §§ 9613(f)(1), (f)(2), (f)(3)(B), and 9622(h)(4), which have been made or could be made against Settlor by any person or entity (except for Non-Released Claims), the Uniform Comparative Fault Act, New York General Obligations Law § 15-108, and any other applicable provision of federal or state law, whether by statute or common law, extinguishing the potential liability of Settlor to persons not party to this decree for the Matters Addressed; (c) in the event that the equitable shares of the Settlor and non-settling defendants are determined and allocated at trial or in dispositive motion, the Settlement Amount shall be deemed to have fully satisfied the Settlor's equitable share, and credited *pro rata* under the Uniform Comparative Fault Act against the equitable share of defendants other than Settlor, except that if Settlor's equitable share is adjudged at less than the Settlement Amount, it shall be credited *pro tanto*; and (d) the Court dismisses the Claims (including all asserted cross-claims) brought in the Lawsuit against Settlor. The date of such grant is referred to herein as the "Dismissal Date." Should such an order as specified in this Section 7 not be entered, and the Parties hereto fail to agree otherwise, Settlor will be entitled to a reimbursement of the Settlement Amount, and this Agreement shall be null and void.

## 8. PERFORMANCE UNDER THIS AGREEMENT

The Parties agree not to take any action to seek to have any governmental agency with jurisdiction over the Park take enforcement action against any other Party. No Party shall provide any non-public documents or information to any governmental agency or any third parties, except with the prior written consent of the other Party (which consent shall not be unreasonably withheld) or as required by law.

CONFIDENTIAL / PURSUANT TO FED. R. EVID. 408

## 9. RESERVATION OF RIGHTS

Nothing in this Agreement is intended to be, nor shall be, construed as a release or covenant not to sue for any claim or cause of action, past or future, in law or in equity, for Non-Released Claims.

## 10. NO ADMISSION OF LIABILITY

The compromise and settlement contained in this Agreement is for the administrative convenience of the Parties and does not constitute an admission of liability by any Party. The execution of this Agreement shall not, under any circumstances, be construed as an admission by any Party of any liability with respect to the Park. This Agreement shall not constitute or be used by the Parties as (a) evidence; (b) an admission of any liability or fact; or (c) a concession of any question of law. Nor shall this Agreement be admissible in any proceeding except in an action to seek enforcement of any terms herein, to obtain contribution protection for Settlor, or for the purpose of obtaining judicial approval of this Agreement as contemplated in Section 6 of this Agreement.

## 11. EFFECTIVE DATE

This Agreement shall be effective upon execution by the Parties.

## 12. MISCELLANEOUS PROVISIONS

a. **Governing Law.** This Agreement shall be construed according to the laws of the State of New York regardless of any conflict of law provisions which may apply. Any and all actions at law or in equity that may be brought by any of the Parties to enforce or interpret this Agreement shall be brought in the court presiding over the Lawsuit (the United States District Court for the Eastern District of New York), or in a court of the State of New York, to the extent the district court is determined by such court or agreement of the parties to lack jurisdiction.

b. **Severability.** In the event that any provision of this Agreement is determined by a court to be invalid, the remainder of this Agreement shall not be affected thereby and shall remain in force.

c. **Successors and Assigns Included as Parties.** Whenever in this Agreement one of the Parties hereto is named or referenced, the successors and permitted assigns of such Party shall be included, and all covenants and agreements contained in this Agreement by or on behalf of any of the Parties hereto shall bind and inure to the benefit of their respective successors and permitted assigns, whether so expressed or not.

d. **Attorneys' Fees and Litigation Expenses.** Each Party is responsible for its own attorneys' fees and other costs incurred to date in any legal action or proceeding arising from or related to the Claims and the Lawsuit, and in moving the Court for approval of this Agreement and an order of dismissal.

e. **Insurance.** The Parties do not hereby make any agreement or take any action intended to prejudice the Parties with respect to their insurers.

CONFIDENTIAL / PURSUANT TO FED. R. EVID. 408

      f.     **Relationship of the Parties.** This Agreement does not create and shall not be construed to create, any agency, joint venture, or partnership relationship(s) between or among the Parties.

      g.     **Section Headings.** The headings of sections of this Agreement are for convenience of reference only, are not to be considered a part hereof, and shall not limit or otherwise affect any of the terms hereof.

      h.     **Modification of the Agreement.** Neither this Agreement nor any provisions hereof may be changed, waived, discharged or terminated orally, but only by instrument in writing signed by all Parties.

      i.     **Entire Agreement.** This Agreement constitutes the entire understanding of the Parties and supersedes all prior contemporaneous agreements, discussions or representations, oral or written, with respect to the subject matter hereof, and each of the Parties represents that it has read each of the provisions of the Agreement and understands the same.

      j.     **Counterparts.** This Agreement may be executed in any number of counterparts, all of which together shall constitute but one original document. Electronic copies of original signatures, for all purposes, shall be deemed to be originally executed counterparts of this Agreement.

      k.     **Advice of Counsel.** Each Party represents that it has sought and obtained the legal advice it deemed necessary prior to entering into this Agreement.

      l.     **Notices.** Notices effectuating the requirements of this Agreement shall be directed as follows:

**To the Town of Islip**:

Office of the Town Attorney
655 Main Street
Islip, NY 11751

**With a copy to:**

Germano & Cahill, P.C,
4250 Veterans Memorial Highway
Suite 275
Holbrook, NY 11741
mjc@germanocahill.com

5412326v.1

**CONFIDENTIAL / PURSUANT TO FED. R. EVID. 408**

**To BronxCare:**

BronxCare Health System
1276 Fulton Avenue
Bronx, NY 10456
Attention: Victor G. DeMarco
            Executive Vice President & Chief Financial Officer

**With a copy to:**

Garfunkel Wild, PC
111 Great Neck Road
Great Neck, NY 11021
Attention: John Martin, Esq.

     All notices or demands required or permitted under this Agreement shall be in writing and shall be effective if hand-delivered, delivered by a commercial delivery service with a return receipt, or sent by registered or certified mail, postage prepaid and return receipt requested. Notice shall be deemed received at the time delivered. Any Party may also give notice by electronic mail, which shall be effective upon confirmation by the Party receiving the notice that such electronic mail has been received by the Party to whom the notice has been addressed. Nothing in this Section shall prevent the giving of notice in such manner as prescribed by the Federal Rules of Civil Procedure or the New York Civil Practice Law and Rules for the service of legal process. Any Party may change its address by giving written notice.

**IN WITNESS WHEREOF**, the undersigned Parties have executed this Agreement designated on their respective signature pages. Each Party and the individual executing this Agreement represent and warrant that the individual executing this Agreement has been duly authorized to enter into this Agreement by, and to bind the Party on whose behalf such individual is executing.

**TOWN OF ISLIP**

By:

_____
Signature / Position

_____
Printed Name  John R. DiLiocceo

_____
Date  11/7/19


**BRONXCARE HEALTH SYSTEM**

By:

_____
Signature / Executive Vice President & Chief Financial Officer Victor G. DeMarco

Date  10/11/19


For:
    BronxCare Heath System

-8-

5461469v.1