# SIVE | PAGET | RIESEL

**ELIZABETH KNAUER**
DIRECT DIAL: 646.378.7272
EKNAUER@SPRLAW.COM

November 11, 2019

**VIA ECF**

Hon. Margo K. Brodie
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201
Recipient Address

      Re:    Town of Islip v. Thomas Datre Jr., et al., No. 16-cv-2156 (MKB)(LB)

Dear Judge Brodie:

      We represent Defendant Louisiana Purchase, LLC ("Louisiana Purchase") in the above-referenced action. On November 7, 2019, plaintiff Town of Islip and defendants Louisiana Purchase, Central Bushwick, LLC, MD Kohn Realty II LLC, Cooper & 6th Property LLC and BronxCare Health System (collectively, the "Settling Defendants"; together with the Town of Islip, the "Settling Parties") filed a Joint Letter Motion pursuant to Rule 54(b) of the Federal Rules of Civil Procedure to request this Court's approval of Settlement Agreements and Proposed Orders (the "Settlement Documents") for the settlement of this action among the Settling Parties. *See* D.I. 249. We write in further support of the Joint Letter Motion and in reply to the letter submitted on November 8, 2019 by defendants Thomas Datre Sr., Clara Datre, Daytree at Cortland Square Inc., and Daytree Custom Builders Inc. (the "Datre Sr. Defendants") asserting limited opposition to the Motion. The Datre Sr. Defendants oppose the Joint Letter Motion to the extent that the Settlement Documents seek dismissal of the Datre Sr. Defendants' cross claims for contribution and indemnification against the settling defendants, and request permission to amend their Answer to include affirmative defenses relating to offset, including indemnification (the "Opposition"). *See* D.I. 250.

      The Datre Sr. Defendants identify no reason for opposing the Joint Letter Motion, given that dismissing the Settling Defendants' cross-claims as contemplated by the Settlement Documents would not prejudice the Datre Sr. Defendants' ability to limit their own liability in the action to the same extent they potentially could if the cross-claims were not dismissed. The Settlement Documents set forth terms for the preservation of non-settling defendants' right to set-off. *See* D.I. 249-1 (Louisiana Purchase Settlement Agreement, at Section 6 (stating that the Town of Islip "will afford such additional parties and existing non-settling parties all right to set-off against any judgment obtained against such parties pursuant to New York General Obligations Law § 15-108. The Parties recognize that Settlor shall be available, after dismissal of all claims

Hon. Margo K. Brodie
November 11, 2019
Page 2 of 3

and cross-claims made against Settlor in this action, for discovery in the same manner and to the same extent as any non-party to this action.").

Moreover, the Settlement Documents set forth a mechanism by which payment by the Settling Defendants to the Town of Islip are "credited to non-settling defendants *pro rata* under the Uniform Comparative Fault Act, and shall be deemed to have fully satisfied the Defendant's equitable share during any equitable allocation of response costs among liable parties by the Court in this matter pursuant to 42 U.S.C. § 9613(f)(1), except that if Defendant's share is adjudged at less than the settlement amount, it shall be credited to non-settling defendants *pro tanto*." *See* D.I. 249-2 (Proposed Order Approving Louisiana Purchase Settlement Agreement, at Para. 4). Thus, under the terms of the Settlement Documents, if approved by this Court, the Settling Defendants' settlement payments will automatically give the non-settling parties credit for the Settling Defendants' proportional share of liability. However, if the Settling Defendants' shares are determined to be less than the settlement amount, the non-settling parties shall receive a dollar-for-dollar credit for the settlement amount received by the Town of Islip. That is, the Settlement Documents endeavor to provide the non-settling parties an offset in an amount equal to the *greater* of the settlement payment or the equitable share of Settling Defendants' responsibility.

Thus, the relief requested by the Datre Sr. Defendants has, essentially, been anticipated and set forth in the Settlement Documents, and the Opposition is therefore moot. Any request for indemnification or other offset by the Datre Sr. Defendants against the Settling Defendants would result in no additional recovery to the non-settling parties. To the extent the Datre Sr. Defendants wish to seek leave to amend their Answer, Louisiana Purchase respectfully requests that such application be made and determined separate from any approval of the Settlement Documents. However, we do not believe such an amendment is necessary for the contemplated set-off to apply to the Date Sr. Defendants.

We additionally note that should the Court not dismiss the Settling Defendants from the action in its entirety, including cross-claims asserted by non-settling defendants, the settlement agreements would terminate and the contemplated settlements would not be effectuated. This is because the Settling Defendants would have to incur effectively the same litigation costs to defend themselves against cross-claims for contribution and indemnity as they would to defend against the primary claims.

Therefore, Louisiana Purchase requests that this Court approve the Settlement Documents as set forth in the Settling Parties' Joint Letter Motion and issue the Proposed Order dismissing the Settling Defendants.

Sincerely,

/s/ Elizabeth Knauer
Elizabeth Knauer
Sive, Paget & Riesel P.C.
*Attorneys for Defendant*
*Louisiana Purchase, LLC*

Hon. Margo K. Brodie
November 11, 2019
Page 3 of 3

cc: All counsel by ECF

Sive, Paget & Riesel P.C. | 560 Lexington Avenue | New York, NY 10022 | 212.421.2150 | www.sprlaw.com